UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JORDAN ZITO,<br><br>                Plaintiff,<br>      v.<br><br>SUMMITT STAFFING INC., *et al.*,<br><br>                Defendants. | Case No. 3:25-cv-00350-MMD-CLB<br><br>ORDER |

Plaintiff Jordan Zito filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and a civil rights complaint (ECF No. 1-1 ("Complaint")) against the State of Nevada in relation to Summit Staffing Inc., Hub Group Inc., TAGG Logistics, the State of Illinois, and the city of Chicago for alleged fraud. (ECF No. 1-1 at 1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 8), recommending the Court grant the IFP application (ECF No. 1), dismiss the Complaint with prejudice, and close this case. (ECF No. 8 at 4.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court adopts the R&R in full.

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Baldwin first recommends the Court grant the IFP application (ECF No. 1) because Zito is unable to make an initial installment payment towards the full filing fee under 28 U.S.C. § 1915. (ECF No. 8 at 1-2.)

///

Judge Baldwin then screens Zito's Complaint. (*Id.* at 3-4.) In asserting allegations of forgery, fraud, threats, and peonage (ECF No. 1-1 at 6, 17), Zito seeks in part:

> "[R]elief is in excess of $75,000 because [t]hey need not just damages, reasonable attorney fees, [r]estitution, pain and suffering; but also need reprogramming, if not more— probably moreso [liquidation] and Forfeiture Proceedings and a bidding due process of complete and total comprehensive selloff…The United States existed far long before it was called such, and it successfully defended itself from all Foreigners for MANY, MANY YEARS AND YEARS (ECF No. 1-1 at 1, 3, 16.)

Judge Baldwin recommends dismissal of the Complaint (ECF No. 1-1) with prejudice because it is vague and fails to state a legal claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 8 at 4.) Judge Baldwin points out that, even construing the allegations of the Complaint liberally, its conclusory statements do not give rise to any federal constitutional or statutory right. (*Id.*)

The Court agrees that, even construing these allegations together and liberally, the Complaint is largely incomprehensible. It is unclear precisely what harm occurred to Zito, how that harm connects to a cause of action, and how relief may be granted on his claims. Judge Baldwin is therefore correct in her determination that Zito does not state a claim upon which relief may be granted, so this action must be dismissed. Leave to amend is inappropriate here because the issues identified by the Court cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Accordingly, having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 8) is adopted in full.

It is further ordered that Zito's application to proceed *in forma pauperis* is (ECF No. 1) granted.

It is further othered that the Clerk of Court file the Complaint (ECF No. 1-1).

It is further ordered that Zito's Complaint (ECF No. 1-1) is dismissed with prejudice.

---

[1] A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1
2     The Clerk of Court is directed to enter judgment accordingly and close this case.
3     DATED THIS 13th Day of August 2025.
4
5
6
7                 MIRANDA M. DU
                  UNITED STATES DISTRICT JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28